IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL MENDOZA, | No. C 13-1432 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| vs. | |
| M. SPEARMAN; GERALD ELLIS; DARREN BRIGHT, | |
| Defendants.                    / | |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed a pro se civil rights complaint under 42 U.S.C. 1983. He has been granted leave to proceed in forma pauperis in a separate order.

## ANALYSIS

Plaintiff claims that he has received inadequate medical care at the California Training Facility in Soledad, California. Specifically, he alleges that he received an operation to remove a tumor in 2011, but it has returned and is causing him pain. He claims that defendants prescribed him pain medication but denied his requests for an M.R.I. In his complaint, he states that he has not pursued his claims all the way through the last level of administrative review available to him.

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that

1  "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any
2  other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until
3  such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
4  Compliance with the exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524
5  (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). The administrative remedies
6  need not meet federal standards, nor need they be "plain, speedy and effective." *Porter*, 534
7  U.S. at 524.

8  Although nonexhaustion under § 1997e(a) is an affirmative defense, a prisoner's
9  concession to nonexhaustion is a valid ground for dismissal. *Wyatt v. Terhune*, 315 F.3d 1108,
10 1119-20 (9th Cir. 2003). Accordingly, a claim may be dismissed without prejudice if it is clear
11 from the record that the prisoner concedes that he did not exhaust administrative remedies. *Id.*

12 The State of California provides its inmates and parolees the right to appeal
13 administratively "any departmental decision, action, condition or policy perceived by those
14 individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order
15 to exhaust available administrative remedies within this system, a prisoner must proceed
16 through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC
17 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4)
18 third level appeal to the Director of the California Department of Corrections and Rehabilitation
19 ("CDCR"). *Id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This
20 satisfies the administrative remedies exhaustion requirement under § 1997e(a). *Id.* at 1237-38.
21 A prisoner need not proceed further and also exhaust state judicial remedies. *Jenkins v.*
22 *Morton*, 148 F.3d 257, 259-60 (3d Cir. 1998). Nor is a prisoner required to comply with the
23 California Tort Claims Act and present his claims to the State Board of Control in order to
24 fulfill the exhaustion requirement. *Rumbles v. Hill*, 182 F.3d 1064, 1070 (9th Cir. 1999),
25 *overruled on other grounds by Booth v. Churner*, 532 U.S. 731 (2001).

26 In his complaint, plaintiff states that he filed administrative appeals at the informal and
27 first formal level of appeal, which was denied on March 5, 2013. He states that he did not
28 pursue administrative appeals beyond that level, even though they were available to him,

because he "was notified by the Court to file or be dismissed" (Compl. 2). Plaintiff refers to a notice he received from the clerk in response to a letter he wrote to Chief Judge Henderson. The notice informed him that a case had been opened on the basis of that letter, and that the case would be dismissed if he did not file a complaint within twenty-eight days. *See Mendoza v. Spearman,* No. C 13-0862 WHA (PR) (dkt. 2). The notice did not state that his obligation to administratively exhaust his claims before filing them in federal court was excused, it merely stated that a case opened on the basis of his letter would be dismissed if no pleading was filed. Plaintiff appears to have understood this as he responded to the notice with a motion requesting dismissal of the case without prejudice to allow him to completely exhaust the available administrative appeals before pursuing his claims in federal court (*id.* dkt. 4). Plaintiff's motion was granted, the case was administratively closed as having been opened in error, and the filing fee was waived (*id.* dkt. 5). Plaintiff may pursue his claims in federal court once he has completed the available administrative appeals, i.e. once a decision has been rendered on the final, Director's level of review of his administrative appeals.

Because the lack of exhaustion is clear from the face of the complaint, the case must be dismissed without prejudice to re-filing after all administrative appeals have been exhausted.

## CONCLUSION

This case is **DISMISSED** without prejudice to plaintiff filing his claims in a new case after exhausting all available administrative remedies.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: April _____, 2013.

5/1/2013

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.13\MENDOZA1432.DSM-EXH.wpd

3